HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MORGAN BARTLETT, et al.,

          Plaintiffs,

     v.

SAFECO INSURANCE COMPANY,

          Defendant.

CASE NO. C13-1658 RAJ

ORDER

     This matter comes before the court on an expedited Local Civil Rule 37 motion. Dkt. # 9; Local Rules W.D. Wash. CR ("LCR") 37.  Defendant moves for an order allowing a structural engineer to inspect plaintiffs' vacation home on Whidbey Island under Rule 34.  Plaintiff opposes and requests the court to deny defendant's motion and to enter a protective order pursuant to Rule 26(c).[1]

     On January 30, 2013, plaintiffs' home on Whidbey Island was destroyed.  The parties dispute the cause:  Plaintiffs claim that the damage was caused by a tree, which is

---

[1] It is unclear to the court why plaintiffs have cited Washington Civil Rules of Procedure and Washington State cases on procedural issues before this court.  The Federal Rules of Civil Procedure and federal case law interpreting the Federal Rules of Civil Procedure apply to all procedural issues before the court.  The court recognizes that the rules are similar.  However, the court does not find the Washington State cases persuasive as to issues of procedure currently before this court.

covered, and defendant asserts that the damage was caused by debris flow originating in a landslide, which is not covered.  The parties also dispute whether plaintiffs initially informed defendant that the damage was caused by a tree:  Plaintiffs assert that they reported that the house was damaged by a falling tree when they first reported the loss, and defendant asserts that plaintiffs' insurance agent reported that a landslide had occurred and half buried the home.  Plaintiffs represent that defendant sent an inspector on February 1, 2013 to take pictures and measurements and to analyze the scene.[2]  On February 13, 2013, defendant sent a geotechnical engineer to inspect the property.  On March 15, 2013, the geotechnical engineer determined that the cause of the damage to the home was debris flow originating in a landslide.  Dkt. # 10-1 at 6 (Ex. 1 to Abendschein Decl.).  On April 12, 2013, counsel for plaintiffs provided the report of General Contractor Paul L. Johnson, who opined that the loss was caused by a falling tree.  Dkt. # 10-3 at 4 (Ex. 3 to Abendschein Decl.).  In response, defendant requested an inspection by a structural engineer, which plaintiffs denied.  Plaintiffs filed suit on August 13, 2013, and the case was removed to this court on September 13, 2013.  On October 25, 2013, defendant propounded its Rule 34 request for inspection of land for Monday, November 25, 2013.  The parties met and conferred and filed the pending Rule 37 expedited motion.

The court has broad discretion to control discovery.  *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011).  That discretion is guided by several principles.  Most importantly, the scope of discovery is broad.  A party must respond to any discovery request that is "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  The court, however, must limit discovery where its "burden or expense . . . outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the

---

[2] Plaintiffs represent that the first inspector was Diane L. Starling, whose credentials include an Associate in Management and an Associate in Claims.

1   issues at stake in the action, and the importance of the discovery in resolving these

2   issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).  A party may move the court for a protective

3   order from "annoyance, embarrassment, oppression or undue burden or expense,

4   including . . . forbidding the disclosure or discovery . . . [and] forbidding inquiry into

5   certain matters, or limiting the scope of disclosure or discovery to certain matters[.]"

6   Fed. R. Civ. P. 26(c)(1)(A) & (D).[3]  "If a motion for a protective order is wholly or partly

7   denied, the court may, on just terms, order that any party or person provide or permit

8   discovery." Fed. R. Civ. P. 26(c)(2).  Rule 34 permits entry onto property possessed or

9   controlled by a party to inspect, measure, survey, photograph, test, or sample the property

10  or any designated object or operation on it.  Fed. R. Civ. P. 34(a)(2).

11          Defendant has not previously propounded a Rule 34 request.  The court recognizes

12  that two individuals have previously inspected the property prior to this lawsuit being

13  filed.  However, the inspection is not cumulative because defendant has not had a

14  structural engineer examine the property to determine the cause of the loss.  The court

15  finds that plaintiffs have not demonstrated good cause to prohibit the Rule 34 inspection

16  because the request is not unreasonably cumulative or burdensome.  Plaintiffs readily

17  admit that they are not currently living at the destroyed property.  There is no evidence

18  that they will be unduly burdened by the inspection.[4]  Additionally, plaintiffs are parties

19  to this action, not third parties whose privacy interests may be at risk.  Finally, the court

20

21  _____

22          [3] The court notes that plaintiffs have not moved the court for a protective order.  Rather,
    plaintiffs have asked the court for a protective order in opposition to defendant's motion to
23  compel inspection of the land.  Nevertheless, for purposes of this order, the court will consider
    plaintiffs' request as a motion this time.
24          [4] Plaintiffs argue that if the Bartletts are forced to keep the house in its current condition
    until November 25, it will be impossible, due to the onset of winter weather, to do anything with
25  the house until Spring 2014. This motion was noted on the court's calendar for November 13,
    2013.  The court was unable to render a decision on this motion until today due to its heavy
26  docket.  Accordingly, the court finds that waiting a few more days until November 25, 2013 will
    not change the outcome of the arrival of winter weather at this point.
27

ORDER- 3

1  finds that an inspection by a structural engineer is material to defendant's defense
2  regarding the cause of the loss.

3       For all of the foregoing reasons, the court GRANTS defendant's motion to compel
4  inspection of land pursuant to Rule 34. Dkt. # 9. The inspection shall proceed on
5  November 25, 2013 as scheduled.  Dkt. # 11 at 23-25.

6

7       Dated this 21st day of November, 2013.

8

9

10      The Honorable Richard A. Jones
        United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ORDER- 4